UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CORY J. ROBERTS,                    )
    Petitioner,                    )
                      )
     v.                            )    C.A. No. 13-531-M
                      )
ASHBEL T. WALL, II,                 )
    Respondent.                     )

## MEMORANDUM AND ORDER

JOHN J. McCONNELL, JR., United States District Judge.

Before this Court is the "State of Rhode Island's Motion to Dismiss 'Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody'" ("Motion to Dismiss"). (ECF No. 4.) The State contends that the four grounds for relief contained in the "Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" ("Petition") filed by Cory J. Roberts are either issues of state law inappropriate for habeas review, or are neither contrary to nor involved an unreasonable application of clearly established Federal law as determined by the Supreme Court of the United States. *Id.* at 6-7. Mr. Roberts takes issue with several of the government's contentions and asserts that his Federal and State constitutional rights were violated. (ECF No. 5.)

## I.    FACTS AND TRAVEL

In June of 1992, Mr. Roberts, then eighteen years of age, entered pleas of *nolo contendere* to several charges, including first- and second-degree child molestation, simple

assault, and breaking and entering. *State v. Roberts*, 59 A.3d 693, 694-95 (R.I. 2013).[1]   The

Superior Court initially sentenced Mr. Roberts "to thirty years on each of the molestation counts,

with fifteen years to serve, fifteen years suspended, with probation." *Id.* at 695.   In May of

2001, soon after his release from incarceration after serving eight years of his sentence,

Mr. Roberts was convicted of residential burglary in Washington State and incarcerated. *Id.*   In

March of 2004, he was adjudicated a probation violator in Rhode Island Superior Court. *Id.*   In

connection with this probation violation, the R.I. Superior Court "vacated the suspension of the

fifteen-year sentence on the 1992 child-molestation convictions, ordered [Mr. Roberts] to serve

five years of the fifteen-year sentence, consecutive to the term then being served by [Mr.

Roberts] as a parole violator . . . ." *Id.*   The R.I. Superior Court also ordered the remaining ten

years of the fifteen-year sentence "'stayed' on condition that, upon his release from prison,

[Mr. Roberts] immediately engage in and remain compliant with an approved sex-offender

treatment program." *Id.*   Mr. Roberts remained incarcerated until December of 2008. (ECF No.

4 at 3.)

       In March of 2009, Mr. Roberts left Rhode Island without permission in violation of his

probation. *Roberts*, 59 A.3d at 695.   Pursuant to Rule 32(f) of the Superior Court Rules of

Criminal Procedure, the State filed a probation violation report against Mr. Roberts and he was

arrested in Virginia. *Id.*   Mr. Roberts admitted the violation and the Superior Court removed the

"'stay of execution' on the remaining ten years of [Mr. Roberts'] sentence and ordered [him] to

serve eight years, with the remaining two years furthered stayed." *Id.* at 695-96.

---

[1] This Court "describe[s] the facts as they were found by the [Rhode Island Supreme Court],
supplemented with other record facts consistent with the [R.I. Supreme Court's] findings."
*Healy v. Spencer*, 453 F.3d 21, 22 (1st Cir. 2006).

Mr. Roberts filed a motion under Rule 35(a) of the Superior Court Rules of Criminal Procedure ("Rule 35 Motion") to correct his 2004 sentence.[2]  *Id.* at 696.  In that motion, Mr. Roberts argued that the sentence he received in 2004 upon admitting to being a probation violator — five years to serve and ten years stayed — was illegal because the R.I. Superior Court lacked the authority to impose a "stayed" sentence. *Id.* Mr. Roberts further argued that only the five-year term of incarceration was lawful. *Id.* "The [S]tate raised several arguments in support of its objection to the motion to correct sentence, including, *inter alia*, timeliness, laches, and estoppel." *Id.* In a written order, the R.I. Superior Court "concluded that 'the sentence modification in 2004 was impermissible as a matter of law" [and] . . . vacated the sentence that was ordered in connection with the 2004 violation adjudication." *Id.*

At his resentencing in August of 2010, Mr. Roberts argued that once he completed the five-year prison term imposed in 2004, he satisfied his sentence and therefore could not have been a probation violator in 2009. *Id.* The State countered that when Mr. Roberts was ordered to serve five years, the outstanding "ten-year balance simply remained as a suspended portion of the original sentence and did not vanish, as [Mr. Roberts] appeared to argue." *Id.* The R.I. Superior Court explained "that, at a probation-revocation proceeding, a trial justice is powerless to reduce the sentence imposed by the original sentencing justice." *Id.* Therefore, to effectuate the "original intentions" of the sentences given in 2004 and 2009, the Superior Court issued two orders. *Id.* "The first judgment was ordered *nunc pro tunc* to March 18, 2004 and executed five years of [Mr. Roberts'] previously suspended fifteen-year sentence, with the remaining ten years

---

[2] While the motion was filed pro se, counsel was appointed to represent Mr. Roberts on the motion. *Roberts*, 59 A.3d at 696. While he had appointed counsel, Mr. Roberts filed a pro se motion to vacate the 2009 sentence he received due to his 2009 probation violation on the grounds that he was not on probation so he could not be a probation violator. *Id.* at n.2. Because this motion was not submitted by his appointed counsel, the R.I. Superior Court returned it to Mr. Roberts. *Id.*

suspended, with probation." *Id.* "The second judgment, *nunc pro tunc* to September 1, 2009, executed eight years of [Mr. Roberts'] previously suspended ten-year sentence, with the remaining two years further suspended, with probation." *Id.* at 696-97. Mr. Roberts timely appealed to the Rhode Island Supreme Court. *Id.* at 697.

## II.   RHODE ISLAND SUPREME COURT

On appeal, Mr. Roberts raised four issues: (i) his 2004 ten-year stayed sentence was illegal; therefore, after serving the five-year prison term, his entire sentence was satisfied; (ii) the 2010 resentencing justice erred in resentencing him on the entire 2004 sentence because his Rule 35 Motion attacked only the illegal portion of his 2004 sentence; (iii) the R.I. Superior Court should not have adjudicated him a probation violator in 2009 because the only sentence remaining at that time was the illegal ten-year stayed sentence; and (iv) the R.I. Superior Court violated his due process rights in 2009 when he was presented and sentenced as a probation violator. *Id.* All of Mr. Roberts' contentions were rejected by the R.I. Supreme Court. *Id.*

Concerning Mr. Roberts' first argument that his ten-year stayed sentence was illegal, he argued "that the ten-year stayed sentence was null and void *ab initio* and therefore disappeared, leaving only the completed five-year incarcerative term." *Id.* at 699. The R.I. Supreme Court held that this argument ran "afoul" of *State v. Heath*, 659 A.2d 116, 117 (R.I. 1995). *Id.* In *Heath*, the R.I. Supreme Court held "that a 'trial justice at [a] violation hearing [does] not possess the statutory power to amend or decrease the sentence as originally imposed and [is] bound by the terms of that sentence.'" 659 A.2d at 117. Applying *Heath* to Mr. Roberts' case, the R.I. Supreme Court concluded that "the trial justice's error in staying the execution of the ten years remaining on the previously suspended sentence did not vitiate that portion of the sentence that the original sentencing justice had imposed." *Roberts*, 59 A.3d at 699. In his second

argument, Mr. Roberts asserted that his 2010 resentencing should not have revisited his entire sentence because he only challenged the illegal stayed portion. *Id.* at 699-700. The R.I. Supreme Court disagreed with this contention based on Rhode Island precedent that "a hearing justice who corrects an illegal sentence pursuant to Rule 35(a) may correct the *entire* initial sentencing package to preserve the originally intended sentencing scheme, so long as the corrected sentence does not exceed the sentence originally imposed." *Id.* at 700 (emphasis added) (quoting *State v. Goncalves*, 941 A.2d 842, 848 (R.I. 2008)).

Mr. Roberts' third and fourth arguments involve his 2009 sentence as a probation violator: he contends that he was not a violator because the only sentence at that time was illegal; and he asserts that his due process rights were violated when he was presented and sentenced as a parole violator. *Id.* at 697. The R.I. Supreme Court addressed these arguments arguments together, finding them "unavailing for several reasons." *Id.* at 700-01. The R.I. Supreme Court initially noted that in 2009 Mr. Roberts admitted he was a violator, and, if had he sought to challenge this determination, the proper mechanism would have been a motion to dismiss at the probation-revocation hearing, not a Rule 35 motion after the sentence on the probation violation was executed. *Id.* at 700. As such, the R.I. Supreme Court found that Mr. Roberts has not preserved the argument. *Id.* And, even if the arguments were preserved, the R.I. Supreme Court stated that Mr. Roberts' assertion "that he did not believe he was on probation after completing the five-year incarcerative term that was executed in 2004 is belied by the papers he signed when he was released from prison, in which he acknowledged the conditions of his probation." *Id.* Since he had agreed that he was on probation after his release from prison, the R.I. Supreme Court found that this argument lacked merit. *Id.* at 700-01.

### III.   STANDARD OF REVIEW

"A habeas petitioner must meet certain preliminary criteria before we can reach the merits of his claim." *McCambridge v. Hall*, 303 F.3d 24, 34 (1st Cir. 2002).   A petitioner "must have fairly presented his claims to the state courts and must have exhausted his state court remedies." *Id.* (citing 28 U.S.C. § 2254(b)(1)(A)).   When a "state decision rests on the adequate and independent state ground of procedural default, then federal habeas review is unavailable absent a showing of cause and prejudice, or a showing that a miscarriage of justice will otherwise result." *Id.* (citations omitted).

If the requisite preliminary criteria are met, "[h]abeas relief may be granted only if the state adjudication was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court; or if it was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *Companonio v. O'Brien*, 672 F.3d 101, 109 (1st Cir. 2012).   "State court fact findings are 'presumed to be correct,' unless a habeas petitioner can rebut with 'clear and convincing evidence' to the contrary." *Epsom v. Hall*, 330 F.3d 49, 52 (1st Cir. 2003) (quoting 28 U.S.C. § 2254(e)(1)).

"A necessary predicate for the granting of federal habeas relief to respondents is a determination by the federal court that their custody violates the Constitution, laws, or treaties of the United States." *Rose v. Hodges*, 423 U.S. 19, 21 (1975) (citations omitted).   "Federal courts sitting in habeas must accept state court rulings on state law issues." *Rodriguez v. Spencer*, 412 F.3d 29, 37 (1st Cir. 2005); *see also Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("federal habeas corpus relief does not lie for errors of state law").

## IV.   DISCUSSION

Mr. Roberts' Petition contains four grounds:  (i) illegal sentences are null and void and a court cannot resentence once a legal sentence has expired,[3] (ii) his entire sentence was vacated so the Rule 32(f) hearing was improper because he was no longer on probation; (iii) a legal sentence once commenced cannot be increased; and (iv) he was forced to comply with illegal conditions in violation of his due process rights.  (ECF No. 1 at 3-10.)

The State responded to the Petition by filing the instant Motion to Dismiss.  (ECF No. 4.) The State argues that the entire Petition should be dismissed because the "state court determinations are matters of state, not federal, law, . . . and in any event, no [U.S] Supreme Court decision establish[es] any of the propositions espoused by Petitioner in this § 2254 action." (ECF No. 4 at 6.)

In response, while Mr. Roberts objects to several specific statements and terms included in the State's motion, he fails to address to the State's arguments regarding his state law and due process claims.  (ECF No. 5.)  Regarding the State's argument that he cannot show that the R.I. Supreme Court violated clearly established U.S. Supreme Court law, Mr. Roberts simply states "it is clear that the Petitioner's Federal and State constitutional rights were violated."[4] *Id.* at 5.

The first three grounds of the Petition assert state law errors allegedly made by the state court.  (ECF No. 1 at 5-9; ECF No. 4 at 7-8.)  Since "[a] n inquiry into the correctness of a ruling

---

[3]   Mr. Roberts also asserts in the first ground that the court's resentencing was without "jurisdiction, placing [him] in double Jeopardy."  (ECF No. 1 at 5.)  Mr. Roberts did not, however, raise this issue with the R.I. Supreme Court.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) ("Comity [] dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief.").  Since Mr. Roberts did not exhaust his state court remedies, Mr. Roberts has procedurally defaulted on this claim.  *Id.* at 848; *see also McCambridge*, 303 F.3d at 34.

[4]   Mr. Roberts also relies on his previously filed Memorandum of Law, ECF No. 1-2.  *Id.* at 6. That pleading focuses on state law and state procedure.  (ECF No. 1-2.)

on state law issues 'is no part of a federal court's habeas review of a state conviction,'" those

three grounds do not entitle Mr. Roberts to habeas relief. *Rodriguez*, 412 F.3d at 37 (quoting

*Estelle v. McGuire*, 502 U.S. 62, 67 (1991)).

Mr. Roberts' fourth ground alleges that his due process rights were violated in 2009 when

he was sentenced as a probation violator. (ECF No. 1 at 10.) The State argues that Mr. Roberts

failed to preserve this issue so this Court cannot reach it because the R.I. Supreme Court decided

it on "adequate and independent state ground of procedural default." (ECF No. 4 at 7 n.3 (citing

*McCambridge*, 303 F.3d at 34)).

The R.I. Supreme Court found that Mr. Roberts did not preserve this argument because

he failed to raise it in 2009 at the time of the probation violation hearing.

> As a threshold matter, defendant failed to raise this issue in 2009, when he
> admitted that he was a violator. The proper method of challenging the state's Rule
> 32(f) notice of violation would have been a motion to dismiss at the probation-
> revocation hearing, not a Rule 35 motion after a sentence was executed upon the
> finding of probation violation. *See State v. Dantzler*, 690 A.2d 338, 339 (R.I.
> 1997) (the defendant moved to dismiss the state's Rule 32(f) notice of probation
> violation, contending that his probationary term had not begun at the time of the
> alleged violation). Therefore, we are convinced that defendant has failed to
> preserve any argument that he could not have been presented as a probation
> violator in 2009.

*Roberts*, 59 A.3d at 700.

Even if Mr. Roberts did not waive the argument, the State seeks dismissal because there

is no U.S. Supreme Court decision establishing Mr. Roberts' due process contention. (ECF No.

4 at 7-8.) Mr. Roberts counters that "it is clear that the Petitioner's Federal and State

constitutional rights were violated." (ECF No. 5 at 5.)

The R.I. Supreme Court concluded the due process claim had no merit because

Mr. Roberts signed papers when he was released from prison wherein "he acknowledged the

conditions of his probation." *Id.* Since the due process claim was "adjudicated on the merits" by the R.I. Supreme Court, habeas relief cannot be granted unless the R.I. Supreme Court's decision

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. 2245(d). Mr. Roberts has not cited, nor has this Court located, any U.S. Supreme Court precedent relevant to the due process ground in the Petition. As such, the R.I. Supreme Court's denial of the due process claim cannot be contrary to, or an unreasonable application of, U.S. Supreme Court law. Further, no argument has been made, nor any authority cited, indicating that the R.I. Supreme Court unreasonably interpreted the facts in connection with Mr. Roberts' acknowledgement that he was on probation. Therefore, Mr. Roberts' cannot be granted habeas relief on this ground.

## V.   CONCLUSION

The State of Rhode Island's Motion to Dismiss (ECF No. 4) is GRANTED.

IT IS SO ORDERED.

John J. McConnell, Jr.
United States District Judge

February 4, 2014